[355] WILLIAM DUGAN vs. ALEXANDER McDONALD — Appeal from Walker County.

The casual declaration of a party that he only looked to one of two debtors, naming the one, for the payment of his debt, does not operate a discharge of the other from his liability.

The appellee instituted this suit in the court below against the appellant to recover a sum of money which he alleged the appellant had obtained from his agent, Josiah Merritt, without authority.

The defendant below demurred to the petition, pleaded a general denial and payment. The demurrer was overruled, and on the pleas the plaintiff had a verdict and judgment. The defendant then moved for a new trial on the ground of

newly discovered evidence. The evidence said to be newly discovered was, that a witness had heard plaintiff say that he did not look to defendant for the money, but that he looked to Merritt, and would make him pay it.

The motion was overruled, and the defendant appealed.

*Duval*, for appellant.

*Allen*, for appellee.

Mr. Chief Justice HEMPHILL delivered the opinion of the court.

The motion for a new trial was made on the ground of newly discovered evidence, and was, we think, properly overruled.

The casual declaration of the appellee in conversation with a third party, that he did not look to the appellant for the money, but to Merritt, could not operate a discharge of the appellant's liability.

[**356**] The creditor can look to either of his debtors liable for the same debt, or to both, at pleasure, and can prosecute his claim against one or the other or both, at his will, or according to the chance of recovery; and where both are equally and primarily liable, as in this case, he can change his intention as to the party to be sued, without any regard to previous declarations, where no discharge has been given. The appeal appears to have been frivolous and taken for delay, and it is therefore ordered that the judgment be affirmed with damages.